LAW OFFICES OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
610 South Ninth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0536
Facsimile: (702) 386-6812
Email: office@danielmarks.net
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVE COBURN,

    Plaintiff,

vs.

COUNTY OF CLARK,
a Political Subdivision of the
State of Nevada

    Defendant.
_____/

Case No.

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW the Plaintiff, Steve Coburn, by and through his undersigned counsel, Daniel Marks, Esq., of the Law Office of Daniel Marks, and for his Complaint against Defendant County of Clark, alleges as follows:

**COUNT ONE**
**(Discrimination Pursuant to 42 U.S.C § 2000e-3(a))**

1. That this Court has jurisdiction over this action under 28 U.S.C. § 1331 because it arises under 42 U.S.C. § 2000e, known as the Civil Rights Act of 1964, as amended.

2. That at all times material hereto Plaintiff was a resident of Clark County, Nevada and employed by the County of Clark, in Las Vegas, Nevada.

3. That at all times material hereto Defendant County of Clark was a political subdivision of the State of Nevada.

/ / / /

/ / / /

4. That Plaintiff was employed by the County of Clark from October 10, 2016 to the present date. That Plaintiff was promoted to Assistant Fire Chief on September 11, 2017.

5. That Plaintiff satisfactorily performed all of his duties.

6. That Plaintiff reported to Jerome Steve, Director of Building & Fire Prevention and Girard Page, the Assistant Fire Marshal.

7. That in approximately January 2018, Plaintiff was directed to discipline Donna Starkes, a female Deputy Fire Marshal for alleged performance deficiencies, which were untrue.

8. That the reason Plaintiff was frequently directed to discipline Starkes is because she was a woman, and his supervisors were discriminating against Starkes because of her sex.

9. That the Fire Department was historically staffed by men, and Starkes was the only high level female employee in the department.

10. That the charges against Starkes were false and made because Starkes was a female. Plaintiff refused to implement the charges because he reasonably believed it was an unlawful and discriminatory employment directive from his supervisors and it would require Plaintiff to unlawfully discriminate against Starkes.

11. That Plaintiff refused to discipline Starkes based upon his sincere, reasonable, and good faith belief that he was challenging his superiors' unlawful and discriminatory directives. On at least three occasions, Plaintiff was directed to reassign Starkes to another team, which would have changed her duties and responsibilities and created additional opportunities to discipline Starkes. Plaintiff declined to do so.

12. Within a month of Plaintiff's initial opposition to Defendant's unlawful and discriminatory directives, Defendant drafted a confirming email dated February 21, 2018 for an unwarranted coaching and counseling session that was to occur with the Plaintiff to retaliate against him in response to his opposition. The coaching and counseling session did not occur and the confirming email was not finalized or sent to Plaintiff.

////

////

////

2

13. Within two months of Plaintiff's opposition, Defendant began to take the following adverse employment actions against Plaintiff which, includes but are not limited to: increasing and/or transferring Plaintiff's job duties and responsibilities, imposing unreasonable deadlines, disadvantageous transfers or assignments, unwarranted negative job evaluations, and denying Plaintiff the required support staff to meet the increased job duties, and issuing an unwarranted Memorandum regarding Failure of Qualifying/Recommendation for Termination after Plaintiff had successfully completed the probationary requirements and period for the Assistant Fire Chief position.

14. Plaintiff was initially terminated from Clark County employment. His termination was later changed to a demotion which reduced his pay.

15. That on July 10, 2018, Plaintiff was demoted.

16. That Plaintiff was demoted because he refused to discriminate on the basis of sex or gender as directed to by his superiors at the County.

17. That Plaintiff was demoted for refusing to follow an unlawful directive in violation of 42 USC 2000e-3(a).

18. That Plaintiff's demotion for refusing to follow an unlawful directive constitutes discrimination and/or retaliation under 42 USC 2000e-3(a) as amended.

19. That Plaintiff filed a complaint with the EEOC and complied with all pre-litigation requirements.

20. That efforts at conciliation failed.

21. That the EEOC issued a Right-to-Sue letter on November 9, 2022.

22. That Plaintiff has been damaged, lost past wages, lost benefits, and will lose future wages as well as fringe benefits.

23. That Plaintiff has suffered embarrassment and humiliation and is entitled to compensatory damages according to proof.

24. That Plaintiff has had to hire counsel to represent him and is entitled to Attorney's fees and costs.

////

## COUNT TWO
### (Retaliation Pursuant to 42 U.S.C § 2000e-3(a))

25. Plaintiff realleges Counts 1-24.

26. That Plaintiff was directed to discipline Donna Starkes, a female Deputy Fire Marshal who worked for the Defendant.

27. That Plaintiff refused to follow an unlawful directive to discipline Starkes because she was a female based upon his sincere, reasonable, and good faith belief that the directive violated Title VII and other similarly unlawful directives he received.

28. That because Plaintiff refused to follow directives that violated 42 USC 2000e-3(a), Plaintiff was subjected to various adverse employment actions, which were referenced in the preceding cause of action and incorporated herein by reference that constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act as amended. Plaintiff was first terminated after he had completed the probationary requirements and period for the Assistant Fire Chief position and then demoted.

29. That Plaintiff filed a claim of retaliation with the EEOC and efforts at conciliation failed.

30. That because of the actions of Defendant, Plaintiff has been damaged in a sum in excess of $15,000.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

1. For general damages in excess of $15,000.00;

2. For reinstatement to Assistant Fire Chief position with back pay and benefits, along with compensatory damages in a sum in excess of $15,000.00; and

3. For attorney's fees.

DATED this 30th day of January, 2023.

LAW OFFICE OF DANIEL MARKS

/s/ Daniel Marks
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

4